TRINIDAD FOUNDRY AND
FABRICATING LTD.,
Plaintiff,

v.

M/V K.A.S. CAMILLA, her engines, boilers, tackle, etc., in rem,

and

K/S Kasmi, in personam,

and

K. Arnesen Shipping A/S, in personam, Defendants.

No. 90–2555–CIV.

United States District Court,
S.D. Florida.

April 5, 1991.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

SPELLMAN, District Judge.

THIS CAUSE comes before the Court upon Defendant, K/S Kasmi's, Motion to Dismiss the *in rem* action against Defendant vessel, M/V K.A.S. CAMILLA ("CAMILLA").

## BACKGROUND

Pursuant to a Tender Agreement dated March 22, 1990, Plaintiff performed repair work, classified as necessaries, on Defendant, CAMILLA, in the amount of $187,-333.73. Defendants, K/S Kasmi, the owner of the vessel, and K. Arnesen Shipping A/S, allegedly defaulted on an outstanding balance of $131,111.44 with respect to the repair work. Plaintiff brought this action in Admiralty against Defendant, CAMILLA, *in rem*, and Defendants, K/S Kasmi and K. Arnesen Shipping A/S, *in personam*, as her owners and operators. Plaintiff alleges jurisdiction *in rem* over Defendant, CAMILLA, under Rule C, Supplemental Rules for Certain Admiralty and Maritime Claims.

The parties agree that English law applies to this case pursuant to the executed Tender Agreement dated March 22, 1990. Furthermore, the parties agree that, under English law, furnishing necessaries to a vessel gives rise to a statutory right *in rem*, or a substantive right to arrest the vessel. Consequently, Plaintiff possesses an English statutory right *in rem*.

## DISCUSSION

Rule C, Supplemental Rules for Certain Admiralty and Maritime Claims provides in pertinent part:

(1) **When Available.** An action in rem may be brought:

(a) To enforce any maritime lien;

(b) Whenever a statute of the American provides for a maritime action in rem or a proceeding analogous thereto.

The fundamental question before the Court is whether an English right *in rem* is equivalent to an American maritime lien.

This is significant because, pursuant to Supplemental Rule C, a maritime lien on a vessel is a prerequisite to an action *in rem* under American law. *Belcher Company of Alabama, Inc. v. M/V Maratha Mariner*, 724 F.2d 1161, 1163 (5th Cir.1984).

The right to proceed *in rem* under English law has distinct characteristics that are set forth in the historic case of *The Heinrich Bjorn*. Initially, the right *in rem* is only one of several means to satisfy an individual's debt. Moreover, the right does not relate back to any earlier time before the arrest of the vessel. Third, the right is available against the property of the person who owes the debt, and not subsequent owners of the vessel. Finally, the ship herself is not the subject of the proceeding and, in fact, any property of the debtor may be arrested under this *in rem* right. *The Heinrich Bjorn*, 10 P.D. 44 (C.A.1885).

This right *in rem* is separate and distinct from the English maritime lien. English law specifically excludes necessaries as a foundation for a maritime lien and, instead, calls for the statutory right *in rem* defined above. *The John G. Stevens*, 170 U.S. 113, 115, 18 S.Ct. 544, 545, 42 L.Ed. 969 (1898); *The Heinrich Bjorn*, 10 P.D. 44; W. Tetley, *Maritime Liens and Claims* 235 (1985). "The two proceedings [right to arrest and English maritime lien], therefore, though approaching one another in form, are different in substance: in the one case the arrest is to give effect to a pre-existent lien, in the other, the arrest is only one of several alternative modes of procedure...." *The Heinrich Bjorn*, 10 P.D. 44. The English right *in rem* is a right to seize the ship in the nature of an American attachment—not a maritime lien. *See The John G. Stevens*, 170 U.S. at 117, 18 S.Ct. at 546.

The American maritime lien is substantively equivalent to the English maritime lien. Both liens arise at the moment of repair to the vessel. *Equilease Corporation v. M/V Sampson*, 793 F.2d 598, 602 (5th Cir.1986), *cert. den.*, 479 U.S. 984, 107 S.Ct. 570, 93 L.Ed.2d 575 (1986); *Belcher Company of Alabama, Inc. v. M/V Maratha Mariner*, 724 F.2d at 1163; *Riffe Pe-*

*troleum Company v. Cibro Sales Corporation*, 601 F.2d 1385, 1389 (10th Cir.1979); *The Heinrich Bjorn*, 10 P.D. 44. Furthermore, the American lien, like the English lien, travels with the ship and is not affected by changes in ownership. *Equilease Corporation v. M/V Sampson*, 793 F.2d at 602; *The Heinrich Bjorn*, 10 P.D. 44. Finally, both liens extend only to the ship subject to the lien; no other property is involved and no personal liability is involved. *Belcher Company of Alabama, Inc. v. M/V Maratha Mariner*, 724 F.2d at 1163; *The Heinrich Bjorn*, 10 P.D. 44.

One difference between the American and English maritime liens lies in the treatment of a debt arising from the furnishing of necessaries. Under American law, a maritime lien specifically encompasses necessaries; conversely, as noted above, English law expressly excludes necessaries from the scope of maritime liens. 46 U.S.C. 31342 (1990). Additionally, the American maritime lien allows for a proceeding *in rem*, not an attachment. In an attachment, there is personal liability on the part of the owner of the vessel; this personal liability continues if the sale of the vessel attached does not satisfy the debt, unlike the remedy in an American *in rem* proceeding. *Belcher Company of Alabama, Inc. v. M/V Maratha Mariner*, 724 F.2d at 1165.

Defendant argues that an English statutory right *in rem* is a separate and distinct remedy from an American maritime lien. Consequently, Defendant argues that Plaintiff cannot bring the instant *in rem* action before this Court. Plaintiff counters that the difference between the English remedy of a right *in rem* and an American maritime lien is one of semantics only. Therefore, Plaintiff argues, this Court has *in rem* jurisdiction over Defendant, CAMILLA.

The Undersigned is not persuaded by Plaintiff's argument. Rather, this Court finds a substantive difference between an English statutory right *in rem* and an American maritime lien. English law specifically excludes necessaries from the scope of a maritime lien by categorizing the

remedy as a right *in rem.* Inasmuch as an American maritime lien is substantially equivalent to an English maritime lien, a statutory right *in rem* must be construed as "different in substance" and excluded from the American, as well as the English, maritime lien. This conclusion is supported by the fact that there is a correlative remedy under American law in the form of an attachment—a remedy distinct from an American proceeding *in rem.* The English right *in rem* cannot, therefore, be considered tantamount to an American maritime lien. Consequently, this Court has no *in rem* jurisdiction over the Defendant vessel, M/V K.A.S. CAMILLA, pursuant to Supplemental Rule C. Accordingly, it is hereby,

ORDERED AND ADJUDGED that Defendant, K/S Kasmi's, Motion to Dismiss the *in rem* action against Defendant, M/V K.A.S. CAMILLA, is GRANTED. The *in rem* action against Defendant, M/V K.A.S. CAMILLA, is DISMISSED.

DONE AND ORDERED.